JOHNSON *ads.* JACKSON, ex dem. ROWAN.

In an action of ejectment where a defendant stands by and suffers a verdict to be taken against him, on the supposition that the plaintiff's proceedings are irregular, the court will not set aside the verdict, even on terms, when it is manifest that the object of the defendant is, to vex and harrass the plaintiff, and subject him to costs.

MOTION to set aside judgment. At the February term, 1828, the plaintiff was allowed to stipulate on payment of costs. On the 21st April, the costs were demanded and not paid. On the 14th May, the plaintiff at Salem, Washington county, paid the costs to the agent who had demanded the same. On the 16th May, the judgment of nonsuit was perfected by the defendant's attorney. On the 20th May, the costs were received in a letter directed to the defendant's at-

torney at Ogdensburgh, and taken out of the post-office there by a friend of the attorney, in his absence, but which the attorney refused to receive. The cause was noticed for trial, for the July circuit ·in St. Lawrence. On the arrival at Ogdensburgh of the plaintiff and his attorney, who resides at Salem, Washington county, they were informed that the costs would not be received ; but they were not returned or offered to be repaid. The plaintiff was told if he would not try the cause on the first day of the circuit, the defendant would consent to its being tried on the succeeding day. The plaintiff not acceding to this proposition, the cause was called and a jury empannelled on the first day of the circuit, and the defendant refusing to appear and confess lease, entry and ouster, the plaintiff was nonsuited for that cause. The defendant's attorney and his witness were in court. The defendant's attorney, who is a party in interest, subsequently observed, if he was wrong, the court would relieve him on payment of costs, and that he thought the plaintiff would be sick of sending to that county to try his cause many times more, the cause having once before been tried at great expense. Under these circumstances, the defendant moved to set aside the judgment.

*I. Scott,* for defendant.

*D. Russell,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The entry of the judgment as in case of nonsuit, on the 16th May, for the non-payment of the costs, the same having been paid on the 14th May, was *irregular,* although the defendant, on a motion to set aside such judgment, under the circumstances of the case, would have been excused from the payment of costs. The agent of the defendant's attorney, who had demanded the costs, received and transmitted them to his principal, and they were received at Ogdensburgh on the 20th May ; and though the attorney states that he had not *accepted* them, he omitted to give notice to the plaintiff of his determination not to receive them. He did not apprise the plaintiff of his having entered judgment as in case of non-

suit against him, until he arrived at Ogdensburgh, in July, prepared to try his cause, and even then he did not return the costs, or offer to do so. If his judgment had been regularly entered, his neglect to give notice of his determination not to receive the costs, retaining them under his control from May till July, and even then omitting to pay them back to the plaintiff, would be considered a waiver of the judgment. As a matter of right, therefore, the defendant cannot claim to set aside the judgment of the plaintiff; and he appeals with an ill grace to the favor of the court. The defendant's attorney, who, it appears, is the party in interest, and his witness, were in court when the trial was had, and refused to appear. He stated his willingness to have the cause tried on the second day of the circuit, and has not shewn why he was not prepared on the first day. After the trial, he boasted that if he was wrong, the court would relieve him on payment of costs, and taunted the plaintiff as to the expense to which he had been, and would be subjected, in the prosecution of his suit. The defendant has evinced a disposition to vex and harrass the plaintiff. In cases of this kind, the court will be astute to place a party in fault, and they will not relieve him on the ordinary terms, where the rules of practice are thus manifestly sought to be perverted to the purposes of oppression, especially in a case like this, where, if the party has rights, he can assert them by the commencement of a suit on his part. The defendant has therefore misjudged, in supposing that the court would relieve him on payment of costs. The motion is denied, with costs.