## LATHROP *v.* HICKS.

*It seems* that this Court will not relieve a plaintiff in error against the consequences of his neglect to cause the transcript of the record of the court below to be filed within the time required by the eleventh rule, unless the neglect is fully explained and excused.

Even upon affidavit of his attorney, that, in his opinion, there was good and legal ground for suing out the writ of error; and that, if the case should be heard on its merits, the judgment below would be reversed.

And that it is no sufficient excuse of the neglect, that, when the writ of error was served, the clerk of the court below promised to make out the transcript and deliver it to the attorney, within the time required by the rule; that the attorney relied upon this promise, and the neglect occurred in consequence of the clerk's failure to perform it.

Motion for such relief, founded upon such affidavit of merits and of facts to excuse the neglect. A counter affidavit was offered, showing that the error relied upon for reversal of the judgment, did not go to the merits of the original action, and that the party making the motion had withdrawn his plea in the court below, suffered the judgment to be thereupon entered against him by default, and stipulated for and obtained, stay of execution, without pointing out the error to the opposite party, who was ignorant of it. *Held,* that the counter affidavit might be read, as it merely went to show that it would be against good faith for the party to avail himself of the error, and did not deny the legal merits sworn to in support of the motion.

And upon the whole case made by both the parties, the court denied the motion, and ordered the cause docketed and dismissed.

Counter affidavits may be read in opposition to a motion, without having been served.

HICKS, as endorsee, brought assumpsit against Lathrop, as maker, of a promissory note; but omitted to describe the note in the declaration, as containing words of negotiability. Lathrop plead the general issue. The cause was noticed for trial at the May term, 1844, of the circuit court. At that term the parties, by their respective attornies, entered into a written stipulation, to the effect that Lathrop should withdraw his plea, and, in consideration

thereof, Hicks agreed that no execution should issue on any judgment which might be rendered in the cause, until the November term (then next) of the circuit court. The plea was thereupon withdrawn; judgment on default was entered in favor of Hicks for the amount of the note; and no execution was issued thereon, until after the time specified in the stipulation.

On the 26th day of April, 1845, Lathrop sued out a writ of error to reverse the judgment, returnable into this court on the first day of the present term. The writ was duly served on the day it issued; but no transcript of the record of the court below having been filed in this court, and the time allowed by the eleventh rule for filing the same having elapsed,

*J. M. Howard*, for the plaintiff in error, now moved for leave to file the transcript; and

*S. T. Douglass*, for the defendant in error, moved that the cause be docketted and dismissed. These motions were heard together.

It appeared from the affidavit of Mr. *Howard*, in support of the first motion, that he was the attorney for Lathrop in the court below, and served the writ of error; that at the time of the service, he requested the clerk of the circuit court to make out and deliver to him the transcript, within the time required by the eleventh rule of this court; which the clerk or his deputy promised should be promptly done; and also promised to inform the deponent when the transcript was ready; that deponent relied upon this promise, and supposed the transcript had been filed, until a short time previous to the present term; and that, in the opinion of deponent, the plaintiff had good and legal grounds for suing out his writ of error, and, if the cause was heard on its merits, the judgment below would be reversed.

In opposition to this motion, the counter affidavit of Mr.
*Douglass*, the attorney for Hicks in the court below, was
read, setting forth the facts above stated relative to the
proceedings in the court below, and also that the depo-
nent was ignorant of the omission of the declaration to de-
scribe the note upon which the action was brought, as
containing words of negotiability, until after the writ of
error was issued in this cause.

It was admitted on the argument that this omission was
the error relied upon for reversal of the judgment be-
low.

WING, J. delivered the opinion of the Court.

The statute allows a writ of error to be brought at any
time within two years after judgment.   R. S. 1838, p. 522,
§ 10.   And the rules of this court require the plaintiff in
error to cause a transcript of the record or proceedings in
the court below, to be filed in the office of the clerk of
this court, within forty days after such writ of error shall
have been issued, if so many days intervene before the
first day of the succeeding term of this court; Rule 11:
and to file a special assignment of errors within ten days
after the expiration of said forty days, and serve a copy
on the attorney of the defendant in error.   Rule 12.   A
compliance with the statute, and these rules, seems to be
necessary to place the plaintiff well in court.   The tran-
script in this case should have been filed by the 6th, and
errors have been assigned by the 16th, of June last.
This not having been done, the plaintiff in error now asks
the court to grant him special leave to file the transcript,
and to proceed in the cause.

This court undoubtedly has power, in the exercise of a
sound discretion, so to mould and govern the operation of
their rules as to prevent injurious effects in cases of acci-
dent, or even of neglect, where such accident is account-

ed for, and such neglect is fully explained and excused. It was formerly the practice of the courts of New York to set aside a regular default, on an affidavit of merits, only where the defendant could show some excuse for his default; although they do not seem to have been strict in examining the sufficiency of the excuse. Afterwards it appears to have been fully settled, that where no trial has been lost, the court would set aside a default, upon terms, on an affidavit of merits only. Grah. Pr. 788. More recently, however, the supreme court of that state have returned to the old rule, and the practice now appears to be settled, that a default for not pleading, will not be opened, unless excused. 6 Wend. 517, 1 Hall's R. 54. In Dowl. Pr. Cas. 134, it is said, in reference to judgment of non-pros, that if the default be regular, the court will not set it aside of course, but will require an excuse, and will impose costs as a condition of opening the judgment. Courts will be less liberal in relieving against this than against ordinary default, because writs of error ought not to be encouraged, and because the court can impose no terms upon the party, unless it be to assign errors instanter. It has very little analogy to a default for want of plea, but more nearly resembles a non-suit or non-pros of a plaintiff, which is never set aside unless upon some good excuse shown.

The merits sworn to in support of this motion are mere *legal* merits. The affidavit of Mr. Howard, who was the attorney, for Lathrop in the court below, does not disclose what is the error complained of, or that there was any defence to the merits of the action in the court below, but merely that, in the opinion of the deponent, Lathrop had good and legal grounds for suing out the writ of error; and that if the cause was heard on its merits, the judgment below would be reversed. This would embrace every ground for suing out the writ of error, on which

Lathrop *v.* Hicks.

the judgment might be reversed, however technical, and however inequitable it might be for the party to insist upon it.

As to the excuse shown for the neglect to file the transcript within the time required, we think it can hardly be received. No excuse could be much less reasonable than that offered. The attorney appears merely to have served the writ of error upon the clerk of the circuit court, and to have obtained the clerk's promise to make out the transcript promptly, and to deliver it to him within the forty days allowed for filing it, and also to inform him when it was ready. But did the duty of the attorney end here? Did the undertaking of the clerk relieve him from the necessity imposed upon him by the rule, of seeing to it that the transcript was actually made out and filed in this court within the forty days? The promise of the clerk was doubtless made in good faith; and, for any thing that appears in the case, he may have made the transcript promptly; but, as the rule did not impose upon him the duty of filing it, the attorney was bound to obtain and file it himself.

Were there no other facts in the case, except those which appear in Mr. Howard's affidavit, we should feel strongly inclined to deny the motion of the plaintiff in error, on the ground of the insufficiency of the excuse shown for the neglect to file the transcript. But we do not choose to rest our decision on this ground solely. Further facts appear in the counter affidavit of Mr. Douglass, the attorney for the plaintiff below.

On the hearing, it was insisted, that as merits were sworn to in support of the motion, this counter affidavit could not be received. It is true that, on a motion to open an ordinary default, affidavits in opposition to an affidavit of merits are inadmissible. *Hanford* v. *McNair*, 2 Wend. 286. Anon. 1 John. R. 313.

But the affidavit of Mr. Douglass does not deny the merits sworn to. It expressly admits that there is error in the record. Its purpose is to show such a state of facts, as renders it bad faith for the defendant below, to take advantage of the error. We think the affidavit should be received. Such an affidavit was received for a similar purpose, in *Quinn* v. *Riley*, 3 John. R. 248.

The reading of this affidavit was further objected to, on the ground that no copy of it had been served on the attorney for the plaintiff in error. But we are of opinion that no service was necessary : counter affidavits, in opposition to a motion, may be read without having been served. *Strong* v. *Planter*, 5 Cowen, 21; *Campbell* v. *Grove*, 2 John. Cas. 105.

It appears from this counter affidavit, that there is a defect in the record of the court below, consisting in the omission of the declaration to describe the note as payable to order, or bearer—(which defect, Mr. Howard admitted on the argument, was the one relied upon for reversal of the judgment)—but that, while the cause stood at issue, and ready for trial in the court below, a written stipulation was entered into between the parties, by their respective attorneys, whereby Lathrop withdrew his plea, and Hicks, in consideration thereof, agreed that execution should be stayed, on any judgment which might be rendered in the cause, until the then next term of the circuit court; that judgment was thereupon entered against Lathrop by default, on which execution was stayed according to the stipulation. The affidavit further states, that the deponent was ignorant of the defect, until this writ of error was sued out. Now, it is well settled that the court will not relieve a defendant against a default, where he lies by and allows an inquest to be taken, supposing the plaintiff's proceedings to be irregular. Grah. Pr. 294, 1 Wend. 284; 8 Bing. 144. Again, it is said, that as it

Lathrop *v.* Hicks.

is wholly in the discretion of the court to open a default, or not, they will not set aside a regular judgment in order to give a defendant an advantage of any nicety of pleading.   Grah. Pr. 788; 2 Strange 1242.   Nor will they do so in cases where there is an implied want of good faith. *Cave* v. *Mosey*, 10 Eng. C. L. R. 218.   In this case, the defect relied upon for reversal of the judgment, does not go to the substantial merits of the action; and we think that after entering into the stipulation by which he withdrew his plea, and obtained stay of execution, after silently, and without objection, suffering judgment by default to be rendered against him, it is at least against good faith, for Lathrop to avail himself of such a defect, on error.   Upon the whole case, then, we are of opinion that the ends of justice would not be promoted by granting leave to the plaintiff in error, to file the transcript.   We therefore refuse to grant his motion, and order that the cause be docketed and dismissed.